FILED

2011 Sep-30  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **KEVIN RODGERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **7:10-cv-3606-AKK** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Kevin Rodgers ("Plaintiff") brings this action pursuant to Section

205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review

of the final adverse decision of the Commissioner of the Social Security

Administration ("SSA").  Based on the court's review of the record,  Plaintiff

failed to provide objective medical evidence to support his contentions and for this

court to overturn the ALJ's decision.  As a result, the court finds that the

Administrative Law Judge's ("ALJ") decision - which has become the decision of

the Commissioner - is supported by substantial evidence, and, therefore,

**AFFIRMS** the decision denying benefits.

# I. Procedural History

Plaintiff filed his application for a period of disability and disability insurance benefits and Supplemental Security Income on December 11, 2007, alleging a disability onset date of December 1, 2006, from back and leg pain from injuries he sustained in a motor vehicle accident, and problems with his right hand. (R. 29, 97-99, 129).  Plaintiff's Disability Report alleged that he suffers from "back, right leg problems, right hand," and "[s]harp pain shoots down my back and leg when I move, and the pain keeps getting worse." (R. 129).  After the denial of his applications on April 10, 2008, (R. 42), Plaintiff requested a hearing before the ALJ on June 30, 2008, (R. 63), which occurred over a year later, on September 22, 2009, (R. 26).  At the time of the hearing, Plaintiff was 43 years old with a ninth grade education.  (R. 28-29).  His past relevant work included medium and skilled work as a truck driver.  (R. 19, 28).  Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability of December 1, 2006.  (R. 29).

On December 9, 2009, the ALJ denied the claim, (R. 13-20), which became the final decision of the Commissioner of the SSA when the Appeals Council refused to grant review.  (R. 1-3).  Plaintiff then filed this action for judicial review pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3), alleging that

the ALJ erred when he rejected Plaintiff's disability claim.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the ALJ; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id.*  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the ALJ's factual findings even if the

preponderance of the evidence is against the ALJ's findings.  *See Martin*, 894 F.2d

at 1529.  While the court acknowledges that judicial review of the ALJ's findings

is limited in scope, it notes that the review "does not yield automatic affirmance."

*Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairments which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  A physical or mental

impairment is "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrated by medically acceptable

clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.

20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in

sequence:

(1)    whether the claimant is currently unemployed;

(2)    whether the claimant has a severe impairment;

(3)    whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, Plaintiff alleges disability because of pain, he must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically, Plaintiff must meet the *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985), standard ("*Hand* standard"), which

> requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find him disabled unless the ALJ properly discredits his testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either

fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

## IV.  The ALJ's Decision

The court turns now to the ALJ's decision to ascertain whether Plaintiff is correct that the ALJ committed reversible error.  In that regard, the court notes that, performing the five step analysis, initially, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, and therefore met Step One.  (R. 11).  Next, the ALJ acknowledged that Plaintiff's combination of severe conditions of "degenerative disc disease, lumbar; and right femur pain, post fracture" met Step Two.  (R. 15).   Having determined that Plaintiff met Step Two, the ALJ proceeded to the next step and found that Plaintiff did not satisfy Step Three since his physical impairments neither met nor equaled the requirements for any listed impairment.  *Id*.  In making this determination, the ALJ gave "little weight" to the psychological evaluation performed by Dr. Donald Blanton ("Dr. Blanton"), (R. 16, 19), which was one of the grounds of error Plaintiff raises.  In any event, although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030 ("A negative answer to any question other than Step Three, leads to a determination of 'not

disabled.'"), the ALJ proceeded to Step Four, where he determined that Plaintiff had the residual functional capacity ("RFC") "to perform a full range of medium work." (R. 16). Further, the ALJ held that Plaintiff "is capable of performing past relevant work as a truck driver. This work does not require the performance of work-related activities precluded by the [Plaintiff's RFC]." (R. 19). Because the ALJ answered Step Four in the negative, again, consistent with the law, the ALJ determined that Plaintiff is not disabled. (R. 18); *see also McDaniel*, 800 F.2d at 1030. For the reasons stated below, the court finds that the ALJ's decision is supported by substantial evidence.

## V. Analysis

As a threshold matter, the court notes that Plaintiff has not sought treatment from a treating physician since his alleged disability onset date of December 1, 2006. Instead, the record contains medical evidence only from the following sources: physical therapy Plaintiff received after his motor vehicle accident in 1998, (R. 185-216); a July 20, 2001, prescription for a TENS unit, (R. 217); a December 12, 2002, Physical Work Performance Evaluation Summary, (R. 218); records related to an August 29, 2005, Emergency Room outpatient visit where Plaintiff was diagnosed with Shingles, (R. 223-26); and reports from examining physicians Dr. Richard Whitley, (R. 164), Dr. Huey Kidd, (R. 173), Dr. Donald

Blanton, (R. 175).

The court turns now to Plaintiff's contentions.  Specifically, Plaintiff contends that the ALJ committed reversible error by (1) rejecting the opinion of Dr. Blanton, (2) finding Plaintiff did not meet Listing 12.05(C), and (3) incorrectly assessing his RFC.  Doc. 8 at 1-2.  Based on its review of the record, the court disagrees with Plaintiff that the ALJ committed reversible error.

A.    *The ALJ did not err in assigning "light weight" to Dr. Donald Blanton's psychological evaluation.*

Plaintiff's contention that the ALJ erred in "rejecting the opinion of Donald W. Blanton, Ph.D," doc. 8 at 2, fails for several reasons.  First, contrary to Plaintiff's contention, the ALJ did not "reject" Dr. Blanton's psychological evaluation; instead, the ALJ "gave little weight" to the evaluation.  (R. 19).  In other words, the ALJ considered it.  Second, because Dr. Blanton was a consulting physician and not a treating physician, the ALJ was not required to give his opinion significant weight.  *See* 20 C.F.R. §§ 404.1527(d)(2).  Third, Dr. Blanton provided a psychological evaluation of Plaintiff, which is of minimal utility given that Plaintiff did not contend that he had any mental impairments when he filed his applications for disability.  (R, 129).  In fact, although the hearing occurred approximately two months after Dr. Blanton completed his assessment, Plaintiff's

counsel did not question Plaintiff about any mental impairments, (R. 29-32), nor

did Plaintiff testify that any such impairments prevented him from working:

> ALJ:          What keeps you from being able to work?

> Plaintiff:   I got a bad back.  I got my femur bone messed all up and
> it just hurt all the time and I got this sharp pain, come
> down my back when I make that funny move.  That's
> what really get me the most.

(R. 29).  In light of Plaintiff's testimony and the failure to raise any psychological

impairments in his applications or at the hearing, not surprisingly, the ALJ gave

Dr. Blanton's evaluation "little weight," finding instead that "[t]here is no

evidence in the record to support that the claimant suffers from depression, mental

retardation or that he has serious difficulty functioning."  (R. 16).  This finding is

consistent with the regulations, which state that "[g]enerally, the more consistent

an opinion is with the record as a whole, the more weight we give to the opinion."

20 CFR 404.1527(d)(2)(ii)(4).

Here, Dr. Blanton's findings and evaluation are inconsistent with the record

as a whole.  For example, Dr. Blanton diagnosed Plaintiff with a life long

condition of mild mental retardation, (R. 178), which requires Plaintiff to have

deficits in adaptive functioning.  In that regard, Dr. Blanton assigned Plaintiff a

Global Assessment of Functioning score of 50, (R. 178), which indicates "serious

symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job.)."[1]  To support his findings, Dr. Blanton noted, among other things, that Plaintiff is currently separated from his wife, that he has five children, (R. 175), and that he had "lots of friends" when he was working, but now has no social life or girl friend, and is not dating, (R. 176).  Dr. Blanton noted also that Plaintiff "does chores around the house very slowly," is able to cook, "likes to fish occasionally," and "attends church on a regular basis."  (R. 176). Unfortunately, these observations are inconsistent with the required finding of deficits in adaptive functioning that are a threshold requirement for mental retardation.  Additionally, Dr. Blanton's diagnosis of mild mental retardation is inconsistent with the record as a whole because Plaintiff's established work history from 1984 until his alleged disability onset date of December 1, 2006, fails to suggest that he has problems in adaptive functioning.  (R. 111).  Therefore, the ALJ's decision to give Dr. Blanton's opinion "little weight" is supported by substantial evidence.

---

[1] The American Psychiatric Association, <u>Diagnostic and Statistical Manual of Mental Disorders</u> 34 (4th ed. 2000), presents the Global Assessment of Functioning Scale, which is widely used to score the severity of psychiatric illnesses.

B.      *The ALJ did not err in finding that Plaintiff does not meet Listing 12.05(C).*

Next, Plaintiff argues that the ALJ erred in failing to find that Plaintiff met or equaled Listing 12.05(C) Mental Retardation.  Doc. 8 at 5.  Specifically, Plaintiff asserts that Dr. Blanton's diagnosis that Plaintiff suffers from mild mental retardation and Plaintiff's school records support a finding that Plaintiff meets Listing 12.05(C).  Doc. *Id*. at 7.  This argument is unpersuasive, initially, because as discussed, *supra*, Plaintiff failed to base his applications on a mental impairment and, alternatively, Dr. Blanton's findings are inconsistent with the record as a whole.  On this record, the court finds that the ALJ properly gave Dr. Blanton's report "little weight."

Moreover, Listing 12.05(C) requires a plaintiff to have (1) "significantly subaverage general intellectual functioning *with* deficits in adaptive functioning[2]" manifested before age 22, (2) a "valid verbal, performance, or full scale IQ of 60 through 70," *and* (3) a "physical [ ] impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. pt. 404, subpt. P., app. 1, § 12.05.  Plaintiff cannot meet this threshold requirement because the record does not support a finding that Plaintiff had significant subaverage intellectual

---

[2] The Social Security guidelines state that adaptive behavior/functioning include a full range of self-care activities and social functioning that can be observed at school and home.  *See* www.ssa.gov/disability/professionals/bluebook/112.00-mentaldisorders-childhood.htm#top.

functioning with deficits in adaptive functioning before age 22.[3]  Plaintiff's

Alabama Secondary School Permanent Record ("School Record") is the only

record evidence before age 22.  (R. 180).  The School Record reflects that in 1982,

except for physical education, Plaintiff failed all of his ninth grade subjects and

missed 20 days of school.  *Id*.  In 1983, Plaintiff repeated ninth grade and again

failed all of his subjects except health, physical education, and driver education,

and was absent 29 days.  *Id*.  There are no other high school records, or evidence

of special education classes or competency evaluations.  Although this scant

record demonstrates that Plaintiff had significant difficulties mastering ninth

grade, which suggests subaverage intellectual functioning, it neither supports nor

refutes that Plaintiff had deficits in adaptive functioning before age 22.  However,

Plaintiff's work history, which commenced in 1984 at age 18, fails to support

Plaintiff's contention of adaptive functioning deficits before age 22.  (R. 104).  In

other words, Plaintiff is not able to establish this threshold requirement for Listing

12.05(C) and, accordingly, failed to meet his burden of proving a disability.

　　　Alternatively, even if Plaintiff satisfied the adaptive functioning deficit

requirement, he is still not disabled because, as discussed below, the record

---

[3] The court notes that there is limited evidence indicative of Plaintiff's adaptive behavior through age 22 years.  In light of this deficiency, the court considered also evidence gathered after Plaintiff reached age 22 years.

evidence does not support the final requirement, i.e., that he has a "physical [ ] impairment imposing additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P., app. 1, § 12.05. Therefore, the ALJ's finding is supported by substantial evidence.

C.    *The ALJ did not err in evaluating Plaintiff's RFC.*

Finally, Plaintiff contends that the ALJ erred in assigning Plaintiff's RFC assessment by not including examining physician Dr. Whitney's "postural limitation regarding climbing," or any other limitations.[4] Doc. 8 at 9. Although the ALJ stated that he gave Dr. Whitney's opinion "considerable weight," the ALJ did not assign any limitations to Plaintiff's RFC assessment. (R. 16). Nonetheless, while the ALJ is required to review "all the evidence relevant to [Plaintiff's] claim, including medical opinions," before making "findings about what the evidence shows," 20 C.F.R. § 404.1527(c), the failure to include a RFC limitation is not in itself an automatic error. The court reaches this determination because Dr. Whitney's evaluation, when viewed in its totality, clearly supports the ALJ's finding that Plaintiff can perform medium work and is not disabled. Again,

---

[4] On April 9, 2008, Dr. Whitney completed a physical RFC assessment and determined, among other things, that Plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand, walk, or sit about 6 hours in an 8 hour work day, and that Plaintiff had no push or pull limitations. (R. 165). Further, Dr. Whitney opined that Plaintiff could occasionally climb ladders, ropes, or scaffolds, (R. 166), and should avoid concentrated exposure to extreme cold, (R. 168).

Dr. Whitney placed a 50 pound lifting limitation, opined that Plaintiff could stand,

walk, or sit for about six hours in an eight hour work day, and placed no push and

pull limitations on Plaintiff.  *See supra*, n.4.  These are hardly limitations that

make the Plaintiff automatically disabled.  *Cf. Williams v. Channel Master*

*Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir. 1996), *cert. denied*, 117 S. Ct. 1844

(1997) (holding, in the ADA context, that "as a matter of law, that a twenty-five

pound lifting limitation – particularly when compared to an average person's

abilities – does not constitute a significant restriction on one's ability to lift, work,

or perform any other major life activity."); *Snow v. Ridgeview Med. Ctr.*, 128 F.3d

1201, 1207 (8th Cir. 1997) ("[A] general lifting restriction imposed by a physician,

without more, is insufficient to constitute a disability within the meaning of the

ADA.").[5]

Plaintiff cites also his subjective complaints about pain as evidence that a

RFC limitation was warranted.  Doc. 8 at 8-9.  However, without objective

medical evidence that confirms the severity of the pain, *see Hand v. Heckler*, 761

F.2d 1545, 1548 (11th Cir. 1985), Plaintiff's subjective complaints alone are

insufficient to show that his pain warrants a limitation and that the ALJ's decision

---

[5] These ADA cases are not dispositive here since the relevant standard here is separate
from an ADA disability determination.  The court cites to them solely to illustrate the point that
being limited to lifting 25 pounds and 50 pounds occasionally does not make Plaintiff disabled.

is not supported by substantial evidence.  Moreover, Plaintiff's reliance on Dr. Blanton's opinion that Plaintiff has "marked limitations that seriously interfere with his ability" to maintain attention, concentration, and pace, doc. 8 at 9, are insufficient to establish that he has a pain based limitation.  As discussed, *supra*, the ALJ gave Dr. Blanton's opinion "little weight" because his findings were inconsistent with the record as a whole.  Furthermore, it does not appear that any physicians prescribed medications to treat Plaintiff for severe pain, except for acute pain associated with the motor vehicle accident, and in fact, Plaintiff stated that he takes only Tylenol for pain.  (R. 154).  Plaintiff's bare assertion of pain, without identifying specific objective medical evidence, is insufficient to show that the ALJ's decision is not supported by substantial evidence.

Plaintiff contends next that the ALJ erred by failing to acknowledge that Plaintiff's degenerative disc disease is a progressive condition that would prevent him from continuing to perform medium work.  Doc. 8 at 9.  Again, Plaintiff bears the burden of providing medical evidence to establish his disability and he failed to meet that burden here as well.  *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003); 20 C.F.R. § 416.912(a) ("[Plaintiff] must furnish medical or other evidence that we can use to reach conclusions about your medical impairment(s).").  Although there is evidence of Plaintiff's underlying physical

impairment of degenerative disc disease, herniated disc, and back and leg pain as a result of a motor vehicle accident in 1998, (R. 187), there is no evidence that those medical conditions could reasonably expect to produce the symptoms Plaintiff alleges.  Plaintiff states only that, "[b]y definition, a degenerative disease is one that worsens over time."  Doc. 8 at 9.  This, however, is not proper evidence to support a finding of disability.  As C. Lee Waldrup stated in the Physical Summary, "No medical evidence between the [alleged onset date] 01/01/98 to [date last insured] 12/31/06.  Insufficient evidence."  (R. 163).  Indeed, the record is void of notes from a treating physician or evidence of routine medical evaluations after 1999.  Because Plaintiff failed to seek treatment for his severe impairments, there is no medical evidence during the relevant time period that demonstrates that Plaintiff's condition causes the purported symptoms.  Therefore, Plaintiff's argument that the ALJ failed to acknowledge his degenerative disease in the RFC assessment fails.

Lastly, Plaintiff contends that the ALJ erred in failing to assign a limitation to Plaintiff's RFC because examining physician Dr. Huey Kidd ("Dr. Kidd") "did not provide a restriction to full-time work activity."  Doc. 8 at 10; R. 19.  Plaintiff asserts that Dr. Kidd's assessment "did not indicate whether [Plaintiff] could perform any work, full time or otherwise."  Doc. 8 at 10.  Dr. Kidd's impression

was "History of herniated disc.  He does have a surgical scar on his back.  He continues with lumbar radicular type symptoms.  He also has chronic pain of the right lower extremity due to femur fracture."  (R. 174).  Significantly, Dr. Kidd did not opine about Plaintiff's ability or inability to work.  While Plaintiff is correct that Dr. Kidd did not state Plaintiff could work, his assessment does not help Plaintiff because he also did not state that Plaintiff could not work.  Again, there is simply no evidence in the record to support Plaintiff's contention that he cannot work.  *See* 20 C.F.R. § 416.912(a) ("[Plaintiff] must furnish medical or other evidence that we can use to reach conclusions about your medical impairment(s).").  Neither the ALJ nor this court can rely on assertions that are not grounded in objective medical evidence from reliable sources.  Therefore, the ALJ's decision not to assign limitations to Plaintiff's RFC assessment is substantially supported by the record.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  The Commissioner's final decision is, therefore, **AFFIRMED**.  A separate order in accordance with this memorandum of decision will be entered.

Done the 30th day of September, 2011.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE